IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO LOPEZ-GONZALEZ, | No. CV-F-04-6141 REC |
| | (No. CR-F-03-5136 REC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| vs. | AND DIRECTING ENTRY OF JUDGMENT FOR RESPONDENT |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On May 2 and 3, 2005, the court conducted an evidentiary hearing in connection with petitioner's claim of ineffective assistance of counsel because of counsel's failure to file a notice of appeal made pursuant to a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On March 13, 2003, petitioner pleaded guilty.[1]  No appeal was filed.

---

[1] No written plea agreement was executed.

1

The court finds from the record in this action, including the evidentiary hearing,[2] that petitioner's counsel, Carol Moses, advised petitioner prior to entry of the guilty plea that his sentencing range would be 77 to 96 months and advised him generally of his appeal rights, including that she would file the notice of appeal if he desired to appeal but that she would not prosecute the appeal.  Petitioner told Ms. Moses prior to sentencing that he did not want to file an appeal unless his sentence exceeded the guideline range.  After sentence was imposed and the court advised petitioner of his appeal rights, petitioner did not tell Ms. Moses that he wanted to file an appeal.  Because petitioner had previously told Ms. Moses that he did not want to file an appeal if his sentence was within the guideline range, Ms. Moses did not contact petitioner again to verify his decision.  After sentence was imposed, petitioner's family, many members of which were in the courtroom, were upset about the sentence imposed on petitioner and vocally expressed their displeasure in the courtroom.  Petitioner was in the process of being escorted from the courtroom by the U.S. Marshals when this outburst occurred. Consequently, he was physically separated from Ms. Moses at the time and could not have been in

---

[2] The court did not find petitioner to be a credible witness. For example, one of his statements at the evidentiary hearing is demonstrably untrue, i.e., his testimony that he told the court at sentencing that he wanted to file an appeal and that the court told petitioner to talk to Ms. Moses about that. No such statements are in the transcript of petitioner's sentencing.  The court also concludes that Ms. Moses was more credible than petitioner's witnesses and accepts her testimony as true.

the process of advising her to file a notice of appeal.[3]  Ms. Moses met with several of those family members in the hallway outside the courtroom immediately after sentencing.  Petitioner's mother, who speaks only Spanish, was very upset and started speaking to Ms. Moses, causing Ms. Moses some unease.  Although petitioner's ex-wife testified that she told Ms. Moses to file an appeal and that Ms. Moses said she would go see petitioner at the jail, Ms. Moses testified that she has no recollection that any members of petitioner's family told her to file the appeal or that she told any member of petitioner's family that she would start the appeal process.

There is no question that a defense attorney's failure to file a notice of appeal upon sentencing after being specifically instructed to do so by his client is ineffective assistance of counsel.  See Rodriguez v. United States, 395 U.S. 327 (1969); Peguero v. United States, 526 U.S. 23, 28 (1999)("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit.").  However, a defendant who tells his attorney not to file an appeal cannot later complain that counsel was ineffective by following his instructions.  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), citing Jones v. Barnes, 463 U.S. 745, 751

---

[3]The court has listened to the recording of petitioner's sentencing.  No commotion or outburst is audible during imposition of sentence or immediately thereafter.  Therefore, although the outburst described by the witnesses undoubtedly occurred, the court concludes that it did not occur during sentencing or while petitioner was still at the podium with counsel.

1  (1983).  Here, because petitioner told Ms. Moses that he did not
2  want to file a notice of appeal if his sentence was within the
3  guideline range prior to sentencing and did not tell her to file
4  a notice of appeal after sentence was imposed, petitioner has
5  failed to establish his claim of ineffective assistance of
6  counsel.
7       ACCORDINGLY, petitioner Fernando Lopez-Gonzalez's motion to
8  vacate, set aside or correct sentence pursuant to 28 U.S.C. §
9  2255 is denied.
10      IT IS SO ORDERED.
11 **Dated:  May 25, 2005**              **/s/ Robert E. Coyle**
   668554                              UNITED STATES DISTRICT JUDGE

4